IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY JOHNSON,** : | |
|     Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-CV-1956** |
| : | |
| **CITY OF PHILADELPHIA**, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**MARSTON, J.**                                                                                                                              **July 15, 2025**

    Plaintiff Jeffrey Johnson initiated this civil action by filing a *pro se* Complaint against Defendants City of Philadelphia, Richard Cudjik, John Rodriquez,[1] Christina Goodwin-Laws, Leslie Simmons, and P.O. Morales. (Doc. No. 2.) He also seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) For the following reasons, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**[2]

    Johnson claims that, on the evening of May 13, 1999, he was standing at the rear of his residence when he encountered two masked men running towards him. (Doc. No. 2 at 6.) When Johnson ran, the men pursued him without identifying themselves as police officers. (*Id*.) Johnson ran to a neighbor's house, but Defendants Cudjik and Rodriquez apparently caught up

---

[1] Johnson refers to the Defendant as "Rodriquez" and "Rodriguez" interchangeably in the Complaint. The Court will use "Rodriquez," as that is the spelling Johnson employs to identify the Defendant as a party and in the caption. (Doc. No. 2 at 1–2.)

[2] The following allegations are taken from the Complaint (Doc. No. 2) and public dockets, which may be considered by the Court in determining whether Johnson has stated a viable claim. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system.

with him, handcuffed him, and began searching him for weapons and drugs.³ (*Id*.) They questioned him about a stash house belonging to "Reggie Harris." (*Id*.) Cudjik and Rodriquez began punching and kicking Johnson while Defendant Simmons held Johnson upright. (*Id*.) They inflicted "significant injuries," including permanent head trauma, two stitches in his head, and three missing teeth. (*Id*. at 4, 6.) Johnson spent two days in intensive care. (*Id*.) He asserts that Defendants Goodwin-Laws and Morales stood by and observed the assault without interfering. (*Id*.) Johnson states that he "was ultimately convicted and sentenced to 30 years for $30 dollars in crack."⁴ (*Id*.)

While incarcerated in 2001, Johnson allegedly learned of a possible investigation into corruption within the narcotic field unit of the Philadelphia Police Department. (*Id*. at 7.) In September 2002, Johnson's counsel was able to access F.B.I. reports allegedly documenting a pattern of police corruption and bad acts among the Philadelphia Police Department in narcotics cases such as falsifying probable cause, conducting illegal searches, stealing funds, and perjury. (*Id*.) In subsequent years, Johnson learned of specific allegations against Cudjik. (*Id*. at 8–9.)

---

³ Johnson claims that Cudjik "on May 13, 1997[,] . . . planted drugs on plaintiff[,] assaulted him while handcuffed[,] and stole all the currency in his pocket without finding any contraband." (Doc. No. 2 at 16.) This passage appears to be another description of the May 13, 1999 incident, and thus the "1997" reference is likely a typographical error.

⁴ Public records indicate that Johnson was arrested on May 13, 1999, and charged with manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance (35 Pa. Cons. Stat. §780-113 § (a)(30)) and intentionally possessing a controlled substance by a person not registered (35 Pa. Cons. Stat. 780-113 § (a)(16)). *See Commonwealth v. Johnson*, CP-51-CR-1113861-1999 (C.P. Phila. Cnty.). He received a sentence of two to four years' imprisonment in that matter. *Id.*

One such example he learned of in March 2009 was that Cudjik had falsified statements in a search warrant application for a drug raid conducted in September 2001.[5] (*Id*.)

Johnson filed this Complaint in April 2025. He asserts claims pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights, as well as claims under 42 U.S.C. § 1985 for conspiracy to interfere with his Fourth and Fourteenth Amendment rights, 18 U.S.C. § 1962 for a violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and 18 U.S.C. § 242 for criminal violations of his Fourth and Fourteenth Amendment rights. (*Id*. at 2–4, 10–12.) He seeks money damages and "non-economic damages – Pain and Suffering, loss of enjoyment of life, loss of [consortium] and emotional distress." (*Id*. at 21–22.)

## II.    STANDARD OF REVIEW

The Court will grant Johnson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). At the screening stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and

---

[5] Johnson spends the bulk of his Complaint providing a history of racial discrimination and violence, and describing the purported exploits of allegedly corrupt officers as reported in various news outlets and criminal justice reports. (Doc. No. 2 at 5, 7–10, 12–21.) The relationship to the facts in Johnson's case is not evident except that at least two of the allegedly corrupt officers, Cudjik and Rodriquez, were apparently involved in his arrest, and he claims that "Reggie Harris," mentioned by police during Johnson's arrest, later had his house searched and money and property taken by police. (*Id*. at 8.)

considers whether the complaint, under liberal construction, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

### III. DISCUSSION

#### A. Civil Rights Claims under 42 U.S.C. §§ 1983 and 1985

The timeliness of § 1983 and § 1985 claims is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *Ormsby v. Luzerne Cnty. Dep't of Pub. Welfare Off. of Hum. Serv.*, 149 F. App'x 60, 62 (3d Cir. 2005) (*per curiam*). The alleged events in this matter occurred in Pennsylvania, and Pennsylvania's statute of limitations for a personal injury action is two years. *Kach*, 589 F.3d at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Johnson's civil rights claims is two years.

Claims under §§ 1983 and 1985 accrue "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (internal quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Additionally, federal law permits equitable tolling of claims: "(1) where a defendant actively misleads a plaintiff with respect to [his] cause of action; (2) where the plaintiff has been prevented from asserting [his] claim as a result of other extraordinary

4

circumstances; or (3) where the plaintiff asserts [his] claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

Johnson filed this civil action in April 2025. However, his § 1983 claims of unreasonable search and seizure, excessive force, and detention without probable cause are all based on events surrounding his 1999 arrest.[6] (*See* Doc. No. 2 at 10–11.) Accordingly, these § 1983 claims are time-barred because it is apparent from Johnson's Complaint that he knew or should have known the basis for his search and seizure, excessive force, and detention claims when the 1999 events occurred. (*See* Doc. No. 2 at 6.) His claims thus accrued over twenty-five years ago. *Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"); *Barren v. Pa. State Police*, 607 F. App'x 132, 133–34 (3d Cir. 2015) (*per curiam*) (affirming dismissal of unlawful arrest and search and seizure claims filed in 2014 based on searches and seizures of property in 2003 as time-barred); *Mujaddid v. Wehling*, 663 F. App'x 115, 120 (3d Cir. 2016) (affirming dismissal of plaintiff's excessive force claim that accrued at the time of his detention).[7]

---

[6] Because it appears that Johnson's allegations concern his arrest, the Fourth Amendment provides the proper framework for his claims. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment."); *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]")

[7] Johnson appears to also assert a § 1983 claim pursuant to *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978), that the City of Philadelphia's policies or customs caused the alleged constitutional violations. (*See* Doc. No. 2 at 3, 10.) Claims asserted under *Monell* are subject to the same two-year statute of limitations for § 1983 claims, and Johnson's claim here is barred

5

Likewise, Johnson's § 1985 civil rights conspiracy claim is barred by the statute of limitations. Even construing the allegations liberally, *see Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021), to the extent that Johnson contends that he did not know about the conspiracy until he learned of the corruption after his conviction in 2009, his conspiracy claim would nonetheless be time-barred by the two-year period of limitations.[8] *Ormsby*, 149 F. App'x at 62. Because he did not file this lawsuit until long after the statute of limitations expired, his civil rights claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Other Federal Claims

#### 1. RICO Claim under 18 U.S.C. § 1962

The RICO Act "makes it unlawful 'for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting 18 U.S.C. § 1962(c)). Section 1962(d) expands liability under the statute by making it "unlawful for any person to conspire to violate [18 U.S.C. § 1962(c)]." 18 U.S.C. § 1962(d).

---

for that reason. *See Leonard v. City of Pittsburgh*, 570 F. App'x 241, 244–45 (3d Cir. 2014) (affirming dismissal of *Monell* claim on statute of limitations grounds where claim accrued at the time plaintiff knew or should have known of injuries).

[8] There is no plausible basis for suggesting that the limitations period should be tolled for decades to allow Johnson's claims to proceed. His later "discovery" of police corruption in 2009 and in the years before does not change that calculus, even if it implicated some of the same officers involved in his case. *See Cole v. City of Philadelphia,* No. 97-cv-7995, 1998 WL 54373, at *1 (E.D. Pa. Feb. 2, 1998) (ruling that plaintiff's civil rights claims under §§ 1983 and 1985 were "unquestionably stale" and that statute of limitations was not tolled for eight years before plaintiff read about police officers' corruption in newspaper).

The RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court." 18 U.S.C. § 1964(c). However, "[i]n order to have standing to litigate a civil RICO claim, a plaintiff must show that [he] suffered an injury to [his] business or property and that the injury was proximately caused by the defendant's racketeering activities." *Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 145 (3d Cir. 2014) (*per curiam*); *see Maio v. Aetna, Inc.*, 221 F.3d 472, 482–83 (3d Cir. 2000). Because "[i]njuries to one's business or property differ from injuries to one's person," the United States Court of Appeals for the Third Circuit "has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (citing *Maio*, 221 F.3d at 483, 492). Furthermore, RICO does not provide a cause of action where the damages alleged are "speculative." *Maio*, 221 F.3d at 495 (speculative damages that were "predicated exclusively on the *possibility* that future events might occur" could not form the basis of a RICO injury). Johnson does not allege harm to a business or property of any kind and only asserts personal injuries in this lawsuit. (*See* Doc. No. 2 at 21–22.) Accordingly, Johnson has not satisfied the standing requirements to bring a RICO claim, and the Court therefore lacks jurisdiction over this claim. The Court will dismiss this claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Even if properly pled, Johnson's RICO claim would be untimely. Though the RICO statute does not contain an express statute of limitations, the Supreme Court has adopted a four-year period of limitations for RICO claims. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987); *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 359 F.3d 226, 232–33 (3d Cir. 2004) (noting that the Supreme Court in *Malley-Duff* adopted a four-year

limitations period for civil RICO claims). In this Circuit, a court "must determine when the plaintiffs knew or should have known of their injury." *Forbes v. Eagleson*, 228 F.3d 471, 484 (3d Cir. 2000). "In addition to the injury, plaintiffs must also have known or should have known of the source of their injury." *Eastern Steel Constructors, Inc. v. Nicols*, No. 03-cv-6680, 2004 WL 1878237, at *5 (E.D. Pa. Aug. 23, 2004) (citing *Forbes*, 228 F.3d at 484.).

Once again, the most recent date Johnson pleads that he had actual knowledge of the source of any alleged injury was in 2009. (Doc. No. 2 at 8–9.) Thus, any RICO claim premised on the allegations in Johnson's Complaint would fall outside of the four-year limitations period for such claims. Therefore, the Court will not grant Johnson leave to amend his RICO claim, as any such amendment would be futile. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("Leave to amend may be denied, however, if amendment would be futile. An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." (internal citations omitted)).

### 2. Claim under 18 U.S.C. § 242

Finally, Johnson's claim for violations of his Fourth and Fourteenth Amendment rights under 18 U.S.C. § 242 must be dismissed because that provision is a criminal statute and does not give rise to a private cause of action. The Supreme Court has explained that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"). While § 242 establishes criminal liability for certain deprivations of civil rights and conspiracies to

deprive civil rights, a plaintiff cannot bring criminal charges against defendants through a private lawsuit under that provision, and it does not give rise to a civil cause of action. *Colon-Montanez v. Pa. Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) (declining to create civil remedy under 18 U.S.C. § 242); *United States ex rel. Savage v. Arnold*, 403 F. Supp. 172, 173 n.1 (E.D. Pa. 1975) (noting that § 242 does not permit a civil recovery and citing cases); *Horsch v. Cantymagli*, No. 24-cv-1183, 2024 WL 1444020, at *3 (E.D. Pa. Apr. 3, 2024). The Court will dismiss this claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   CONCLUSION

In sum, the Court will grant Johnson leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii) for failure to state a claim. Johnson's RICO claim will be dismissed without leave to amend. The Complaint is otherwise dismissed with prejudice.